%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brian Morrison

**DEFENDANTS**
City of Philadelphia Police
Sergeant Massi, and City of Philadelphia Police
Officer, John Doe

**(b)** County of Residence of First Listed Plaintiff   Pennsylvania
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gay Chacker & Mittin, P.C., 1731 Spring Garden St
Philadelphia, PA

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☑ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C.S 1983
Brief description of cause:
Excessive force, False arrest/imprisonment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  1/6/12

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1221 S. 21st Street, Philadelphia, PA 19146

Address of Defendant: 1515 Arch Street, 14th, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 18th & Washington Avenue, Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　Yes☐　No☑

Does this case involve multidistrict litigation possibilities?　　　Yes☐　No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

　　　Yes☐　No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

　　　Yes☐　No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

　　　Yes☐　No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

　　　Yes☐　No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
　　(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
　　(Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____　　_____　　_____
　　　　　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 1/6/12　　_____　　84284
　　　　　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　　　　　　Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Brian Morrison | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia Police Sergeant Massi and | : | NO. |
| City of Philadelphia Police Officer, John Doe | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| | | |
|---|---|---|
| _____ | _____ | Plaintiff, Brian Morrison |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-567-7955 | 215-567-6809 | bchacker@gaychackermittin.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BRIAN MORRISON**                                    :
                                                      :
        **V.**                      :       **JURY TRIAL DEMANDED**
**CITY OF PHILADELPHIA**                              :
**POLICE SERGEANT MASSI**                             :       Civil Action No._____
**Individually and as a Police Sergeant**             :
**for the City of Philadelphia;**                     :
     **and**                     :
**CITY OF PHILADELPHIA**                              :
**POLICE OFFICER, JOHN DOE**                          :
**Individually and as a Police Officer**              :
**For the City of Philadelphia**                      :

## COMPLAINT

    Plaintiff Brian Morrison, ("Mr. Morrison" or "plaintiff"), by and through his attorneys,

Gay Chacker & Mittin, P.C., hereby asserts the following Complaint against defendants, City of

Philadelphia Police Sergeant Massi ("defendant Massi"), Police Officer John Doe, ("defendant

Doe"), (collectively "defendants"), as follows:

### Parties

    1.     Plaintiff is and was at all material times a resident of Philadelphia, Pennsylvania.

    2.     Defendant Police Sergeant Massi was at all times relevant to this action a sergeant

of the City of Philadelphia Police Department. He is being sued in his individual capacity as a

police officer for the City of Philadelphia.

    3.     Defendant Police Officer John Doe was at all times relevant to this action an

officer of the City of Philadelphia Police Department. He is being sued in his individual capacity

as a police officer for the City of Philadelphia.

**Jurisdiction**

4.      This action is brought pursuant to 42 United States Code Section 1983.

Jurisdiction is based upon 28 United States Code 1331 and 1343. Plaintiff further invokes the

supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims

under state law.

**Facts**

5.      On January 21, 2010, Mr. Morrison and his father, a retired Septa Police Officer

were coming from the Laundromat at 18th & Washington and proceeded to walk to his vehicle

which was parked on Washington Avenue west of 18th Street at approximately 12:30 p.m.

6.      Once Mr. Morrison was in his vehicle, he looked out his rear view mirror and saw

three vehicles stopped at the intersection behind him for a red light.

7.      Mr. Morison proceeded to pull out of his parking spot with caution.

8.      Suddenly, Mr. Morrison had to slam on his brakes because the first vehicle sped

off and almost ran into his vehicle.

9.      Mr. Morrison and the driver of the other vehicle engaged in a verbal argument.

10.     There was a police patrol car in a position to witness the entire incident.

11.     Upon information and belief, defendant Massi and defendant Doe (collectively

"defendants") were the officers in the patrol vehicle.

12.     After the argument began, defendants pulled in front of Mr. Morrison and the

other vehicle.

13.     The defendants spoke with the driver of the other vehicle, who was Caucasian and

allowed him to leave the scene.

14.     As the defendants spoke with the other driver, Mr. Morrison, who is African

American, began to exit his vehicle, but was instructed by the defendants to get back in his

vehicle and turn it off.

15.     After allowing the other, Caucasian driver to leave, the defendants approached
Mr. Morrison and his father and, without provocation or basis in law, grabbed Mr. Morrison by
his jacket, yanked him out of his vehicle, handcuffed him.

16.     At no point in time was Mr. Morrison advised that he had committed any crime or
why he had been forcibly removed from the vehicle.

17.     Mr. Morrison told the police officers that the handcuffs were too tight and
inquired why he had been treated the way he had been.  The defendants told him "this is what
happens when you resist arrest".

18.     It was not until Mr. Morrison's father explained that he was a retired police
officer that the defendants removed the handcuffs and told Mr. Morrison to leave the scene.

19.     Mr. Morrison never violated any law of the Commonwealth of Pennsylvania and
never was charged with any crime.

20.     As a direct and proximate result of the actions or inactions of the defendants, Mr.
Morrison's forearm was swollen and in pain.

21.     Mr. Morrison continues to suffer from anxiety, fear, and mental harm.

22.     As a direct and proximate result of the defendants' actions, Mr. Morrison was
deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments
to the United States Constitution and in particular the right, the right to be free from false arrest
and the right to due process of law.

23.     The actions and/or inactions of the defendants violated the clearly established
federal constitutional rights of Mr. Morrison to freedom from use of unreasonable and unjustified
force against his person, the right to be free from false arrest/false imprisonment and the right to

due process of law.

## COUNT ONE
### 42 U.S.C. § 1983 Against Individual Defendants City of Philadelphia
### Police Sergeant, Massi and City of Philadelphia Police Officer John Doe

24. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 24, inclusive, of his Complaint as if the same were set forth at length herein.

25. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the defendant police officers for violation of Mr. Morrison's constitutional rights under color of law.

26. As aforesaid, defendants, acting within the course and scope of the City of Philadelphia employment, under color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department intentionally and maliciously pulled Mr. Morrison from his vehicle and tightly handcuffed him; deprived Mr. Cortes of his rights, privileges and immunities under the Constitution of the United States and the laws of the United States; in particular, the right to be free from excessive use of force by an officer; which violated Mr. Morrison's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

27. The defendants within the course and scope of their employment, under color of state law, and pursuant to the customs, policies and practices of their respective City of Philadelphia Police Department intentionally and maliciously assaulted and battered Mr. Morrison, and used their positions of authority illegally and improperly to punish Mr. Morrison as set forth above which violated Mr. Cortes' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

28.     The defendants have been deliberately indifferent to the rights of citizens of the Commonwealth of Pennsylvania and, in particular, City of Philadelphia to be free from excessive force, which deliberate indifference violated Mr. Morrison's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

29.     The defendants invaded the privacy and/or cast Mr. Morrison in a false light by making it appear to others that Mr. Morrison had violated or was violating the laws of the Commonwealth of Pennsylvania or of another jurisdiction.

30.     As a result of the above actions, Mr. Morrison suffered the damages as aforesaid.

31.     The actions of defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Morrison's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Brian Morrison, II, demands judgment in his favor and against the defendants, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT TWO
### 42 U.S.C. § 1983 Against Individual Defendants City of Philadelphia
### Police Sergeant, Massi and City of Philadelphia Police Officer John Doe

32.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 31, inclusive, of his Complaint as if the same were set forth at length herein.

33.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the defendant police officers for violation of Mr. Morrison's constitutional rights under color of law.

34.     As aforesaid, defendants, acting within the course and scope of the City of

Philadelphia employment, under color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, intentionally and maliciously, falsely arrested and imprisoned Mr. Morrison when they pulled him from his vehicle and tightly handcuffed him, depriving Mr. Morrison of his rights, privileges and immunities under the Constitution of the United States and the laws of the United States; in particular, the right to be free from excessive use of force by an officer; which violated Mr. Morrison's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

35.     The defendants within the course and scope of their employment, under color of state law, and pursuant to the customs, policies and practices of their respective City of Philadelphia Police Department, intentionally and maliciously, falsely arrested and falsely imprisoned Mr. Morrison, and used their positions of authority illegally and improperly to punish Mr. Morrison as set forth above which violated Mr. Morrison's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

36.     The defendants have been deliberately indifferent to the rights of citizens of the Commonwealth of Pennsylvania and, in particular, City of Philadelphia to be free from false arrest and false imprisonment, which with deliberate indifference violated Mr. Morrison's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

37.     The defendants invaded the privacy and/or cast Mr. Morrison in a false light by making it appear to others that Mr. Morrison had violated or was violating the laws of the Commonwealth of Pennsylvania or of another jurisdiction.

38.     As a result of the above actions, Mr. Morrison suffered the damages as aforesaid.

39.     The actions of defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Morrison's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Brian Morrison, II, demands judgment in his favor and against the defendants, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.


                            BSC5184
                            BRIAN S. CHACKER, ESQUIRE
                            GAY CHACKER & MITTIN, P.C.
                            1731 Spring Garden Street
                            Philadelphia, PA 19130
                            (215) 567-7955
                            fax: (215) 567-6809
                            bchacker@gaychackermittin.net

                            **Attorneys for Plaintiff**
                            **Brian Morrison**

Date: January 6, 2012